UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN MUYET,

Petitioner,

- against -

UNITED STATES OF AMERICA,

Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/09

**OPINION AND ORDER**

03 Civ. 4247 (PKL)
95 Cr. 941 (PKL)

**APPEARANCES**

John Muyet, *Pro Se*
Reg. No. 38027-054
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

**Petitioner**

PREET BHARARA, ESQ.
United States Attorney
David S. Leibowitz, Esq.
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

**Attorney for the United States**

**LEISURE, District Judge:**

John Muyet ("Muyet" or "petitioner"), *pro se*, moves this Court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to reconsider the denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Based upon the information petitioner has submitted to the Court, petitioner's motion for relief under Rule 59(e) is DENIED.

## BACKGROUND

The facts underlying petitioner's conviction have been laid out in great detail in this Court's prior decision. See Muyet v. United States, No. 03 Civ. 4247, 2004 U.S. Dist. LEXIS 25959 (S.D.N.Y. Dec. 23, 2004) (Leisure, J.).[1] Accordingly, the Court presumes familiarity with this decision and provides only a brief summary of the facts and procedural history relevant to the instant motion.

On April 10, 1997, petitioner was convicted on twenty-one counts of felony violations arising from his involvement in the "Nasty Boys" drug ring's campaign of terror and murder. He was represented at trial by Mitchell Golub, Esq. On August 25, 1998, this Court sentenced him to life (eight concurrent life sentences) plus one hundred thirty years in prison and five years supervised release. Represented by new counsel, Carlos Jenkins, Esq., petitioner filed a direct appeal to the United States Appellate Court for the Second Circuit, which affirmed this Court's judgment, rejecting each of petitioner's claims. See United States v. Muyet, 225 F.3d 647 (2d Cir. 2000), fully reported at, 2000 U.S. App. LEXIS 22881 (2d Cir. Sept. 8, 2000), cert. denied, 535 U.S. 1086 (2002)).

---

[1] For petitioner's benefit, copies of all cases citing to electronic databases have been appended to the copy of this Opinion and Order sent to petitioner.

On May 16, 2003, petitioner timely filed a *pro se* application, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence.  He alleged, *inter alia*, that his Sixth Amendment right to effective assistance of counsel had been impaired by the variously deficient performance of his trial attorney.  Relevant to the instant motion is Muyet's contention that his attorney failed to assist him adequately in differentiating between the potential ramifications of accepting the Government's plea offer and going to trial.  This Court denied Muyet's habeas petition in its entirety on December 23, 2004. See Muyet, 2004 U.S. Dist. LEXIS 25959, at *34.  With respect to Muyet's contention that his attorney failed to adequately advise him as to his potential sentence exposure if he rejected the Government's plea offer, this Court held that, even assuming that Muyet's assertion that counsel only informed Muyet that he would be exposed to "a lot more than (20) years" was true, Muyet's claim failed because (i) petitioner failed to show a reasonable probability that, if the consequences had been adequately explained, he would have accepted the plea, and (ii) petitioner only offered "self-serving, post-conviction testimony," and not objective evidence, that he would have accepted the plea. Id. at *20-21.  This Court further explained that petitioner failed to assert that he would have accepted the plea offer had he been made fully aware of the consequences, and any implication that he would have accepted the plea "is not supported by any objective evidence, and a search of the record and the Court's trial notes revealed no evidence that Muyet would have admitted guilt as he maintained his innocence throughout the trial." Id. at *21.

In the instant motion, petitioner asks this Court to reconsider its previous denial of his ineffective assistance of counsel claim.  Petitioner contends that although he did not

2

state so in his § 2255 petition, he would have attested on reply, if given the opportunity, that he would have accepted a plea offer if not for counsel's failure to inform him adequately about the Government's offer. (See Pet'r Mem. 5-6; Aff. of John Muyet, executed on Jan. 7, 2005 ("Muyet Aff.") ¶¶ 2-3.) Muyet argues that this Court granted him a thirty-day extension to reply to the Government's opposition papers, and, therefore, it was improper for the Court to deny his petition without waiting for his reply papers, in which he alleges he could have cured the defect in his petition. (Pet'r Mem. 2, 5.) Muyet includes an affidavit with his Rule 59(e) motion papers, swearing that he would have accepted the plea had counsel informed him that his sentence exposure if convicted was eight life sentences plus 130 years consecutive sentences. (Muyet Aff. ¶ 3.)

In its opposition papers, the Government argues that petitioner's Rule 59(e) motion is without merit in light of this Court's previous holding that Muyet failed to offer anything beyond self-serving, post-conviction testimony, and the Court's conclusion that, after searching the record and the Court's trial notes, there is no evidence that Muyet would have admitted guilt. (Govt.'s Opp'n 4.) The Government, however, indicates that it does not object to providing petitioner with time to supplement his motion, provided that the Government is given an opportunity to respond to any new submission. (See id. at 1, 4.)

## DISCUSSION

The Court begins by addressing the standards applicable to Rule 59(e) motions, and determining whether petitioner asserts proper grounds for this Court to reconsider its December 23, 2004 determination. While the Court concludes that Muyet fails to satisfy the Rule 59(e) standard, the Court explains for petitioner's benefit why the additional

3

facts presented with the instant motion fail to satisfy the requirements of an ineffective assistance of counsel claim.  Finally, mindful of petitioner's *pro se* status, the Court provides Muyet with one final opportunity to file a motion with the objective evidence he describes in his affidavit.

### I.   Applicable Law Regarding Motion to Reconsider

A Rule 59(e) motion to alter or amend a judgment, like a motion for reconsideration or reargument under Local Civil Rule 6.3, will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked, and which the movant could reasonably believe would have altered the Court's original decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citing Schonberger v. Serchuk, 742 F. Supp. 108, 119 (S.D.N.Y. 1990) (Leisure, J.)).  "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Cordero v. Astrue, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

A party seeking reconsideration must demonstrate that "the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) (quoted reference and citations omitted).  Accordingly, on a motion for reconsideration "a party may not advance new facts, issues or arguments not previously presented to the Court." Polsby v. St. Martin's Press, No. 97 Civ. 690, 2000 U.S. Dist. LEXIS 596, at *2 (S.D.N.Y. Jan. 18, 2000) (quoted reference and citations omitted); see also Cordero, 574 F. Supp. 2d at 380 (explaining that "neither Rule 59(e) or Local Civil Rule 6.3 is an appropriate vehicle to

4

advance new facts, issues, or arguments not previously presented to the court" (quoted

reference and citations omitted)). A district court's denial of a Rule 59(e) motion to alter

or amend the judgment "'will not be overturned on appeal absent an abuse of

discretion.'" Harris v. Kuhlmann, 346 F.3d 330, 348 (2d Cir. 2003) (quoting McCarthy v.

Manson, 714 F.2d 234, 237 (2d Cir. 1983) (per curiam)).

## II.   **Application of Law Regarding Reconsideration**

Muyet concedes that his initial § 2255 motion was faulty in that he failed to

allege that he would have accepted the Government's plea offer of 20 years had he been

fully and adequately informed by counsel as to his potential sentence if he went to trial.

(Pet'r Mem. 5.)  Nevertheless, petitioner contends that this Court improperly denied his

ineffective assistance of counsel argument because had he been given an opportunity to

reply to the Government's opposition to his motion, he could have cured that defect. (Id.)

Now, in support of his motion to reconsider, petitioner includes an affidavit that

purportedly remedies his deficient habeas petition.  However, the facts that Muyet relies

upon on in the instant motion was not information that this Court overlooked in denying

petitioner's habeas, as Muyet himself admits that he failed to put those facts before the

Court. (Pet'r Mem. 2, 5.)  A motion to reconsider is not petitioner's opportunity to put

forward evidence that he could have, but failed, to provide the Court when the Court

initially considered the motion. See Cordero, 574 F. Supp. 2d at 380; Polsby, 2000 U.S.

Dist. LEXIS 596, at *2.

As an explanation for his late submission of these facts, Muyet contends that this

Court provided him thirty days to reply to the Government's opposition, but that the

Court issued its decision before his time expired. (Pet'r Mem. 2, 5.)  However, while the

Court entered its Order granting petitioner's request for additional time to submit his

reply papers on December 8, 2004, petitioner requested, and this Court granted, an

extension of an additional thirty days from October 21, 2004 to respond to the

Government's papers.  Accordingly, the time for petitioner's reply expired well before

this Court issued its Opinion and Order regarding Muyet's habeas petition on December

23, 2004.[2]  Nevertheless, consistent with this Court's policy to liberally construe

submissions on behalf of *pro se* litigants, this Court will reconsider its previous decision

in light of Muyet's Rule 59(e) motion and supporting affidavit. See Haines v. Kerner, 404

U.S. 519, 521 (1972) (holding a *pro se* complainant to a less stringent standard than that

of a lawyer); La Bounty v. Adler, 933 F.2d 121, 122 (2d Cir. 1991) (same).

### III.    Applicable Law Regarding Ineffective Assistance of Counsel Claims

To establish an ineffective assistance of counsel claim, petitioner bears the heavy

burden of satisfying the two prong test announced by the Supreme Court in the seminal

case Strickland v. Washington, 466 U.S. 668 (1984).  Specifically, pursuant to Strickland

"'[a] defendant claiming ineffective assistance must (1) demonstrate that his counsel's

performance 'fell below an objective standard of reasonableness' in light of 'prevailing

professional norms;' and (2) 'affirmatively prove prejudice' arising from counsel's

allegedly deficient representation.'" Carrion v. Smith, 549 F.3d 583, 588 (2d Cir. 2008)

(quoting United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005)); accord United States

v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004) (citing Strickland, 466 U.S. at 687, 694);

Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003) (citing Strickland, 466 U.S. at

_____

[2] The Court notes that Muyet mailed his motion for additional time on October 21, 2004, but it was not docketed with this Court until November 19, 2004.  Even if the Court deemed the thirty-day extension from the date petitioner's request was received, his time to submit his reply papers expired before this Court issued its decision.

688, 694).  In reviewing petitioner's argument, this Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," Gaskin, 364 F.3d at 468 (quoting Strickland, 466 U.S. at 689), to prevent a defendant from "second-guess[ing] counsel's assistance after conviction."  Slevin v. United States, 71 F. Supp. 2d 348, 354 (S.D.N.Y. Nov. 3, 1999) (Leisure, J.) (quoting Strickland, 466 U.S. at 689), aff'd, 234 F.3d 1263 (2d Cir. 2000).

A defendant suffers a Sixth Amendment violation for ineffective assistance of counsel "where his attorney fails to convey a plea offer."  Pham, 317 F.3d at 182. "Defense counsel have a constitutional duty to give their clients professional advice on the crucial decision of whether to accept a plea offer from the government."  Id. (citing Boria v. Keane, 99 F.3d 492, 498 (2d Cir. 1998)).  Accordingly, "there can be no doubt that counsel must always communicate to the defendant the terms of any plea bargain offered by the prosecution."  Cullen v. United States, 194 F.3d 401, 404 (2d Cir. 1999) (Newman, J.); Boria, 99 F.3d at 496-97 (explaining that since "[t]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in any criminal case… counsel may and *must* give the client *the benefit of counsel's professional advice on this crucial decision*" (internal citation and quotation omitted)).

Beyond informing a client of the existence of a plea offer, counsel must also provide the defendant with "knowledge of the comparative sentence exposure between standing trial and accepting a plea offer."  United States v. Gordon, 156 F.3d 376, 380 (2d Cir. 1998) (internal citations and quotations omitted); accord Purdy v. United States, 208 F.3d 41, 45 (2d Cir. 2000) ("[C]ounsel must communicate to the defendant the terms of the plea offer, and should usually inform the defendant of the strengths and weaknesses

7

of the case against him, as well as the alternative sentences to which he will most likely be exposed." (internal citations omitted)).

Where, as here, petitioner contends that his ineffective assistance of counsel claim concerns a rejection of a proffered plea bargain, "a *habeas* petitioner must demonstrate a 'reasonable probability' that but for counsel's errors in considering or explaining a plea offer, he would have accepted the offer." Slevin, 71 F. Supp. 2d at 360 (citing Boria, 99 F.3d at 497); see also Dedushaj v. Graham, No. 07 Civ. 5401, 2008 U.S. Dist. LEXIS 92561, at *9 (S.D.N.Y. Nov. 7, 2008) (Koeltl, J.) ("With respect to a claim by a petitioner that the petitioner would have pleaded guilty if his counsel had urged him to do so, the petitioner must demonstrate that there is a 'reasonable probability' that but for his counsel's deficiencies, he would have pleaded guilty." (citing Purdy, 208 F.3d at 49)). To make this showing, "[Second Circuit] precedent requires some objective evidence other than defendant's assertions to establish prejudice." Pham, 317 F.3d at 182 (citing Gordon, 156 F.3d at 380-81).

## IV.    Application of Law Regarding Ineffective Assistance of Counsel

After considering the facts Muyet proffers in support of his motion to reconsider, the Court concludes that petitioner still fails to establish an ineffective assistance of counsel claim. Petitioner contends that his counsel told him that if he went to trial and was convicted he would face a lot more than the 20 years offered in the plea bargain. (Muyet Aff. ¶ 2.) Petitioner further asserts that had counsel informed him of the significant difference between the sentence he could receive if convicted at trial and the plea offer, "without any doubt on [his] mind, [he] would have accepted the plea." (Id. ¶ 3.) Even assuming these statements are true, and further assuming that such statements

are sufficient to demonstrate that counsel's performance fell below an objective standard

of prevailing professional norms, thus establishing the first prong of the Strickland

inquiry, petitioner fails to provide sufficient objective evidence to satisfy the prejudice

prong of an ineffective assistance of counsel claim. Pham, 317 F.3d at 182; Gordon, 156

F.3d at 380-81.

      This Court has already conducted a thorough review of the record and the Court's

trial notes and found no indication that Muyet would have admitted guilt, as he

maintained his innocence throughout the trial. Muyet, 2004 U.S. Dist. LEXIS 25959, at

*21. While a significant sentence disparity between the plea offer and the actual

sentence imposed can be indicative of prejudice, see Pham, 317 F.3d at 182; Gordon, 156

F.3d at 381, such a disparity does not mandate a finding of prejudice in all cases. See

Mickens v. United States, No. 97-cv-2122, 2006 U.S. Dist. LEXIS 60984, at *6-7

(E.D.N.Y. Aug. 28, 2006) (explaining that while Pham holds that a significant sentence

disparity permits an inference of prejudice, other evidence, such as a defendant's

"outspoken and steadfast" insistence on going to trial would make it "improper to credit a

later proffered declaration that he would have accepted a plea"), aff'd, 257 F. App'x 461

(2d Cir. 2007); United States v. Perez Gomez, No. 3:98 cr 109, 2003 U.S. Dist. LEXIS

16068, at *23-24 (D.Conn. Aug. 29, 2003) (holding that factors, including petitioner's

"consistent and unwavering protestations of innocence and the absence of anything . . .

suggesting he would have been amenable to negotiating a plea of guilty . . significantly

outweigh the sentencing disparity and demonstrate the lack of 'objective evidence' that

[petitioner] would have accepted the plea agreement"). Here, petitioner's belated

assertion that he would have accepted the guilty plea had he been more thoroughly

9

informed by counsel is not objective evidence that contradicts this Court's previous determination that throughout the trial there was no indication that Muyet was willing to accept guilt. Accordingly, under these circumstances, petitioner has failed to provide this Court with objective evidence that there was a reasonable probability that he would have pleaded guilty.

Despite the lack of objective evidence submitted in connection with the instant motion, petitioner contends that if given an opportunity, he would be able to "present objective evidence, from the record, showing that, but for counsel's deficient advice concerning the length of the sentence [he] would have received, if convicted, [he] would have accepted the government's 20 years plea offer." (Muyet Aff. ¶ 4.) Obviously, because Muyet has failed to provide such evidence to the Court, this Court cannot consider such evidence in connection with this motion to reconsider. Nevertheless, even though petitioner has had an opportunity to provide this Court with support for his ineffective assistance of counsel claim with his initial § 2255 motion, and now again with his Rule 59(e) motion, out of an abundance of caution this Court will allow petitioner one last chance to file a motion with the objective evidence referenced in his affidavit within sixty (60) days of the date of this Opinion and Order. See Pham, 317 F.3d at 184 (approving of district courts resolving factual issues on the basis of written submissions). The Court reminds petitioner that any additional affidavits, facts, evidence, or memorandum submitted in connection with his ineffective assistance of counsel claim must (i) provide more than the self-serving, post-conviction statements offered thus far, and (ii) address the legal principles explained in both this Court's December 23, 2004 Opinion and Order and in this decision.

## CONCLUSION

Based upon the information submitted in connection with the instant motion, petitioner's Rule 59(e) motion to alter or amend this Court's December 23, 2004 Opinion and Order is DENIED.  However, as described above, the Court will allow petitioner one final opportunity to submit a motion with the objective evidence referenced in his affidavit within sixty (60) days of the date of this Opinion and Order.  Thereafter, the Government shall be afforded sixty (60) days to respond to any additional information petitioner provides this Court, and petitioner must submit any reply within thirty (30) days of the date of service of the Government's opposition papers.

**SO ORDERED.**

New York, New York
August    2009

_Pat K. Lename_

U.S.D.J.

11

Copies of this Opinion and Order have been sent to:

John Muyet (#38027-054)
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

David S. Leibowitz
Assistant U.S. Attorney
Southern District of New York

*Pro Se* Office

Southern District of New York